IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA DEPARMENT OF FINANCIAL
SERVICES as RECEIVER for AMERICAN
SUPERIOR INS. CO., et al.,

    Plaintiff,

vs.                                    CASE NO. 4:11cv242/RS-WCS

NATIONAL UNION FIRE INS. CO.
of PITTSBURGH, PENNSYLVANIA,

    Defendant.
_____

## ORDER

Before me are Defendant's Motion for Summary Judgment (Doc. 42), Plaintiff's Response in Opposition (Doc. 67), and Defendant's Reply (Doc. 73). I directed the parties to address whether I could consider the issues raised here as cross motions for summary judgment. (Doc. 76). The parties do not object. (Doc. 79).

### Standard of Review

Summary judgment is appropriate when "there is no genuine issue as to any material fact . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). In other words, the basic issue before the court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 251, 106 S. Ct. 2505, 2512 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)). However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251).

**Background**

This is a case about contract interpretation. Defendant denied coverage under a directors and officers liability policy. It asserts that Plaintiff's claim under that policy falls outside the scope of the policy's coverage.

Defendant issued a directors and officers liability policy to American Superior Insurance Company ("ASIC") in February 2004. The policy provided coverage for a "Claim first made . . . and reported to the Insurer" during the Policy Period, February 15,

2004, until February 15, 2005.  ("policy," Doc. 1, Attach 1. p. 21-37, at ¶1) (capitalization original indicating a term defined by the policy).[1]

Plaintiff asserts that a Claim was made within the Policy Period in the form of a petition to appoint Plaintiff the receiver of ASIC which was filed in the Circuit Court in Leon County, Florida on September 29, 2004.  (*See* Doc. 67, p.2).  Next, Plaintiff asserts that a letter Plaintiff sent to Defendant on November 29, 2004, is a claim, or a notice of circumstances which complies with the coverage requirements of the policy.  *Id*.  Defendant asserts that only one claim was made, when Plaintiff filed a complaint for breach of fiduciary duty in state court on July 20, 2007, after the policy period.

## Analysis

The relevant portions of the policy, with the determinative words underlined, are as follows:

1. **Insuring Agreements**
**Coverage A. Individual Insured Insurance**
       This policy shall pay the Loss of each and every Director, Officer or Employee of the Company arising from a <u>Claim first made</u> against such Insureds during the Policy Period . . . and reported to the Insurer pursuant to the terms of this policy for any actual or alleged <u>Wrongful Act</u> in their respective capacities as Directors, Officers or Employees of the Company . . .

2. **Definitions**
    (b) "Claim" means
           (1) a written demand for monetary or non-monetary relief (including any request to toll or waive any statute of limitations) or

---

[1] The policy is a variation of a claims-made policy which is "designed to cover only claims both accruing and reported during the specified policy period." *Cast Steel Prods. v. Admiral Ins. Co.*, 348 F.3d 1298, 1302 (11th Cir. 2003).  One advantage of this type of policy is that in exchange for an insurer taking on more limited risk, it typically charges a lower premium. *Id*.

      (2) a civil, criminal, administrative, regulatory or arbitration proceeding for monetary or non-monetary relief which is commenced by
          (i) service of a complaint or similar pleading, or
          (ii) return of an indictment (in the case of a criminal proceeding), or
          (iii) receipt of filing or a notice of charges . . . .

(p) "Related Wrongful Acts" shall mean Wrongful Acts which are the same, related or continuous, or Wrongful Acts which arise from a common nucleus of facts[.] Claims can allege Related Wrongful Acts regardless of whether such Claims involve the same or different claimants, Insureds or legal causes of action.

  (t) "Wrongful Act" means
      (1) with respect to Individual Insureds, any breach of duty, neglect, error, misstatement, misleading statement, omission or act by such Insureds in their respective capacities as such or any matter claimed against such Insured solely by reason of their status as directors, officers or Employees of the Company. . . .

## 7. Notice/Claim Reporting Provisions

. . . A Claim shall be considered to have been first made against an Insured when written notice of such Claim is received by any Insured, by the Company on behalf of any Insured or by the Insurer, whichever comes first

  (a) The Company or the Insureds shall, as a condition precedent to the obligations of the Insurer under this policy, give written notice to the insurer of any Claim made against an Insured as soon as possible and either:
      (1) anytime during the Policy Period . . . ., or
      (2) within 30 days after the end of the Policy Period . . ., as long as such Claim is reported no later than 30 days after the date such Claim was first made against an Insured.

  (b) If written notice of a Claim has been given to the Insurer pursuant to Clause 7(a) above, then any Claim which is subsequently made against the Insureds and reported to the insurer alleging a Related Wrongful Act to the Claim for which such notice has been given shall be considered made at the time such notice was given.

  (c) If during the Policy Period . . . the Company or the Insureds shall become aware of any circumstances which may reasonably be expected to give rise to a Claim being made against the Insureds and shall give written notice to the Insurer of the circumstances and the reasons for anticipating such a Claim,

>with full particulars as to dates, persons and entities involved, then any Claim which is subsequently made against the Insureds and reported to the Insurer alleging, arising out of, based upon or attributable to such circumstances or alleging any Related Wrongful Act to such circumstances, shall be considered made at time such notice of such circumstances was given.

**Receivership**

On September 29, 2004, Plaintiff petitioned the Circuit Court to appoint Plaintiff receiver of ASIC. (Doc. 43, Attach. 1). On November 18, 2004, Defendant received a "general liability notice of occurrence/claim" form informing them that receivership proceedings had been initiated against ASIC. (Doc. 1, Attach. 2, Exhibit B). Defendant acknowledged receipt of the claim form. (Doc. 68, Attach. 3).

Plaintiff contends that the petition for receivership was itself a claim as defined by the policy. (Doc. 67, p.8). This is an incorrect reading of the policy. While a "claim" is defined to include a demand for non-monetary relief, this must be read in light of the "wrongful act" provision of Section 1. That is, a "Claim . . . [must] be made "against [the] Insureds. . . and reported to the Insurer. . . for any actual or alleged Wrongful Act." Wrongful acts include "breach of duty, neglect, error, misstatement, misleading statement, omission or act[s]." Here, the petition for receivership does not allege that wrongful acts occurred. Rather, the petition indicates that a "delinquency proceeding" may be instituted to "rehabilitate" an insurer. (Doc. 43, Attach. 1, ¶ 3-4). Plaintiff did not indentify, as it could have, a ground for rehabilitation which would have indicated wrongful acts. *See* FLA. STAT. § 631.051 (listing, among other things, willful violations

of its charter or state law, and victimization by embezzlement or conversion, as grounds for rehabilitation). Likewise, the claim form sent to Defendant indicates that the receivership proceeding was initiated due to ASIC's "not being able to meet policyholders claims as a result of the many hurricanes in Florida." This, too, does not raise a claim for a wrongful act.

**The Letter**

On November 29, 2004, Plaintiff sent Defendant a letter which Plaintiff argues was a "claim" as defined by the policy or, in the alternative, was a presented notice of circumstances. (Doc. 1, Attach. 2). The relevant portions of the letter are as follows:

This letter gives notice to your company pursuant to Paragraph 7 of the National Union policy . . . as well as pursuant to the notice provisions of any other potentially applicable policy issued by National Union. . . . It is[Plaintiff's] intention to assert claims against the former officers, directors and shareholders of American Superior for wrongful acts including, but not limited to breach of duty, neglect, error, mistaken statement, misleading statement, omission or other wrongful acts by each of these directors and/or officers . . . resulting in injury in excess of $5 million.

. . . This letter shall also serve as a notice of circumstances which may reasonably be expected to give rise to a claim being made against any and all persons or entities insured under the above captioned policy . . . in connection with wrongful acts committed by the former officers, directors and shareholders of American Superior.

. . . To Date, [Plaintiff's] investigation has revealed that the directors and/or officers may have breached duties of a fiduciary nature, causing American Superior to be placed in rehabilitation. [Plaintiff's] investigation continues . . . [and Plaintiff] may ultimately assert further or different claims, although all arising out of the same circumstances described above.

The letter is not a claim as defined by the policy. The letter announces an "intention to assert claims." This is a future action, not one that has or is currently

occurring.  Further, the letter is not a "written demand . . . for relief."  It makes no present demand for any action from Defendant, such as tendering the policy limit.  *See Clarendon Nat'l Ins. Co. v. Muller*, 237 Fed. Appx. 451 (11th Cir. 2007) (unpublished) (with similar policy language, finding a present demand required).

    Plaintiff is, however, correct that the letter meets the requirements of the policy's Section 7(c) as a notice of circumstances.  That section provides that when written notice is given to the insurer of "circumstances which may reasonably be expected to give rise to a Claim being made," those claims "arising out of, based upon or [are] attributable" subsequently made relate back to the notice given.  The written notice must state "with full particulars" the "dates, persons and entities involved."

     Here, the letter specifically states that it is giving "notice of circumstances" pursuant to Paragraph 7 of the policy.   It expresses Plaintiff's intention to assert claims resulting in injuries in excess of $5 million.   The letter identifies a list of wrongful acts committed by officers and/or directors for which it may seek relief.

    Defendant contends that the letter is "boilerplate" and thus does not identify the required "full particulars" of the prospective claim.   This is view is too narrow.  By its very nature, a notice of circumstances will be less specific than an actual claim.  It is an education prediction about how past events may cause a future claim.  Certainly a claim must be traceable to the events described in the notice and a notice cannot be so overly broad as to cover any future claim.  The November 2004 letter satisfies these requirements.

Defendant's Motion for Summary Judgment (Doc. 42) is **DENIED with prejudice**.  Plaintiff's Motion for Summary Judgment (Doc. 67) is **GRANTED** on the issue of whether a timely claim was made in accordance with the policy provisions.  Because this issue is not dispositive, the case remains open.  Rather than addressing the issues piecemeal, I encourage the parties to address all issues so that full relief may be granted at this stage.

**ORDERED** March 7, 2012.

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**